IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSEPH COTTEN | § |
| | § |
| | § CIVIL ACTION NO. 2:15-cv-520 |
| VS. | § JURY DEMANDED |
| | § |
| CITY OF TYLER, TEXAS, | § |
| CHIEF OF POLICE, GARY M. SWINDLE, | § |
| ASSISTANT CHIEF STEVE SHARRON, | § |
| OFFICER JASON SHIELDS, | § |
| OFFICER AYASHA EDDINS, | § |
| OFFICER PAUL ROBESON, | § |
| OFFICER WENDELL GARDNER | § |
| OFFICER DON MARTIN | § |
| ADELINE MEDINA, SIDALIA | § |
| MICHELLE LIRA, | § |
| CITY ATTORNEY DEBORAH PULLUM, | § |
| ASSISTANT CITY ATTORNEY | § |
| TERRANCE GARMON, ASSISTANT | § |
| CITY ATTORNEY DAVID CHILEK AND | § |
| ASSISTANT CITY ATTORNEY | § |
| JEFFREY SANDERS | § |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, City of Tyler, Texas, et al. (hereinafter "Defendants") filed a Motion to Dismiss certain claims of Plaintiff. Plaintiff would show the Court that the motion is not well taken and should be denied.

**I.   INTRODUCTION**

Defendants' Motion to Dismiss is a misguided and premature Motion for Summary Judgment. Defendants' motion essentially asks the Court to dismiss the case without the benefit

of any discovery process. Because the facts as pled must be taken as true, Plaintiff has clearly stated a claim on which relief can be granted.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Rule 12(b)(6) Motions are Disfavored.

Defendants are seeking to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff has failed to state a claim upon which relief may be granted. As this Court is well aware, Rule 12(b)(6) motions are "viewed with disfavor and . . . rarely granted." *Lowery v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997). The Fifth Circuit has held that the granting of a Rule 12(b)(6) motion is "a precarious disposition with a high mortality rate." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Barber v. MV Blue Cat*, 372 F.2d 626, 627 (5th Cir. 1967). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.*; *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). <u>The Court's inquiry is limited to whether or not Plaintiff is entitled to offer evidence to support his claims and does not address whether Plaintiff will ultimately prevail on the merits.</u> *Johnson v. Dallas Ind. Sch. Dist.*, 38 F.3d 198, 199 (5th Cir.1994).

Under Federal Rule of Civil Procedure 8(a) & (e), Plaintiff's Complaint need only include a short and plain statement of the <u>claim</u> showing that the pleader is entitled to relief, with such statement not being technical, but simply giving Defendants fair notice of what the Plaintiff's claim are, and the grounds upon which they rest. "The liberal notice pleading of Rule 8(a) is the starting point of the simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 999 (2002). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the

facts upon which a claim rests. To the contrary, all the rules require is 'a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (emphasis added).

A complaint "should not be dismissed for failure to state a claim [under Rule 12(b)(6)] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, 355 U.S. at 45-46; *see also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). The Fifth Circuit has held that the standard for granting Rule 12(b)(6) motions is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery,* 117 F.3d at 247 (*quoting* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)).

In deciding this Motion, the Court must accept the facts plead in the Plaintiff's complaint are true. *Campbell*, 781 F.2d at 442. Those facts clearly state a claim for violation of Plaintiff's civil rights.

### B. The Supreme Court and the Fifth Circuit recognize a Civil Rights claim under the facts alleged by Plaintiff.

The Supreme Court's holding in *Albright v. Oliver*, 510 US 266 (1994) addressed how claims of malicious prosecution should be handled in Section 1983 actions. The Supreme Court concluded that Albright's claimed right to be free from prosecution without probable cause must be judged under the Fourth Amendment, as alleged by Plaintiff.[1] In *Kerr v. Lyford*, 171 F. 3d 330 (5th Cir. 1999), the Fifth Circuit recognized that a malicious prosecution claim implicated a clearly established right at the time of the events in question, relying on *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1303, 1305 (5th Cir.1995). Although in *Albright v. Oliver*, 510 U.S.

---

[1] See: Plaintiff's Original Complaint ¶¶ 22, 28 and 33.

**Plaintiff's Response to Defendant's Motion to Dismiss - Page 3 of 10**

266, 275, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Court held that no such right exists under the Fourteenth Amendment, it did not reach the question of whether it exists under the Fourth Amendment. See *Albright*, 510 U.S. at 275, 114 S.Ct. 807. *Albright*, therefore, left undisturbed the Fifth Circuit's longstanding recognition of a Fourth Amendment right to be free from malicious prosecution. See *Eugene*, 65 F.3d at 1303. The Fifth Circuit has long held that malicious prosecution, false arrest and bodily harm are actionable under Section 1983 because they violate the Fourth and Fourteenth Amendments. *Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir.1992). See *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir.1994), cert. denied --- U.S. ----, 115 S.Ct. 70, 130 L.Ed.2d 25; *Eugene v. Alief Independent School Dist.*, 65 F.3d 1299 (5th Cir.1995)  Because the facts as presented in Plaintiff's First Amended Complaint when taken as true, as they must be, easily state a claim, Defendant's Motion must be denied.

    **C.    Plaintiff's Allegations State a Claim on Which Relief Can Be Granted on his First Amendment Claim.**

Defendant relies upon *Izen v. Catalina*, 398 F.3d 363 (5th Cir., 2005) for the proposition that Plaintiff's Complaint does not state a First Amendment retaliation claim.  However, in *Izen,* the Fifth Circuit wrote:

In the criminal prosecution context, plaintiffs must establish three elements in order to make out a retaliation claim. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir.2002). Plaintiffs must show that "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Id*. In reviewing Plaintiff's Complaint, paragraphs 11, 13, 15 and 16 outline the factual basis for his First Amendment claim.  Plaintiff was charged with disorderly conduct for using profanity in the

police department interview room, which is obviously not a public place. The First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content. *Cohen v. California*, 403 U.S. 15, 24, 91 S.Ct. 1780 1787, 29 L.Ed.2d 284 (1971); *Street v. New York*, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); *New York Times Co. v. Sullivan*, 376 U.S. 254, 269—270, 84 S.Ct. 710, 720—721, 11 L.Ed.2d 686 (1964), and cases cited; *NAACP v. Button*, 371 U.S. 415, 445, 83 S.Ct. 328, 344, 9 L.Ed.2d 405 (1963); *Wood v. Georgia*, 370 U.S. 375, 388—389, 82 S.Ct. 1364, 1371—1372, 8 L.Ed.2d 569 (1962); *Terminiello v. Chicago*, 337 U.S. 1, 4, 69 S.Ct. 894, 895, 93 L.Ed. 1131 (1949); *De Jonge v. Oregon*, 299 U.S. 353, 365, 57 S.Ct. 255, 260, 81 L.Ed. 278 (1937); *Police Department of City of Chicago v. Mosley*, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). Plaintiff's allegations are clear – he was prosecuted for using profanity, which is prohibited by the First Amendment.

*Izen* further requires plaintiffs in the prosecution context to establish each of the common law malicious prosecution elements in addition to those three derived from the First Amendment. *Id*. at 260; see also *Johnson v. La. Dep't of Agric.*, 18 F.3d 318, 320 (5th Cir.1994) (same). "One of these standards is an absence of probable cause to prosecute." *Keenan*, 290 F.3d at 257. For purposes of malicious prosecution, probable cause means "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir.1999) (quoting *Moore v. McDonald*, 30 F.3d 616, 620 n. 2 (5th Cir.1994)). A review of paragraphs 32 and 33 of Plaintiff's Complaint reveal factual allegations which meet all of the elements of a malicious prosecution case, namely: (1) a criminal prosecution was commenced against the plaintiff; (2) the defendant

initiated or procured the prosecution; (3) the prosecution was terminated in plaintiff's favor; (4) the plaintiff was innocent of the charged; (5) the defendant did not have probable cause to initiate or procure the prosecution; (5) the defendant acted with malice and (6) the plaintiff suffered damages as a result of the prosecution. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). All of these elements have been raised throughout Plaintiff's Complaint.

### D. Defendants Claim No Seizure Occurred to Support a Fourth Amendment Claim

Defendants argue that no 'unlawful seizure' of Plaintiff occurred; therefore, there is no Fourth Amendment claim. However, Defendants' position ignores Justice Ginsburg's concurrence in *Albright v. Oliver*, supra, which states:

> The Fourth Amendment's instruction to police officers seems to me more purposive and embracing. This Court has noted that the common law may aid contemporary inquiry into the meaning of the Amendment's term "seizure." See *California v. Hodari D*., 499 U. S. 621, 626, n. 2 (1991). At common law, an arrested person's seizure was deemed to continue even after release from official custody. See, e. g., 2 M. Hale, Pleas of the Crown *124 ("he that is bailed, is in supposition of law still in custody, and the parties that take him to bail are in law his keepers"); 4 W. Blackstone, Commentaries *297 (bail in both civil and criminal cases is "a delivery or bailment, of a person to his sureties, . . . he being supposed to continue in their friendly custody, instead of going to gaol"). The purpose of an arrest at common law, in both criminal and civil cases, was "only to compel an appearance in court," and "that purpose is equally answered, whether the sheriff detains [the suspect's] person, or takes sufficient security for his appearance, called bail." 3 id., at *290 (civil cases); 4 id., at *297 (nature of bail is the same in criminal and civil cases). The common law thus seems to have regarded the difference between pretrial incarceration and other ways to secure a defendant's court attendance as a distinction between methods of retaining control over a defendant's person, not one between seizure and its opposite.
>
> This view of the definition and duration of a seizure comports with common sense and common understanding. A person facing serious criminal charges is hardly freed from the state's control upon his release from a police officer's physical grip. He is required to appear in court at the state's command. He is often subject, as in this case, to the condition that he seek formal permission from the court (at significant expense) before exercising what would otherwise be his unquestioned

right to travel outside the jurisdiction. Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense.

Defendants cite to two inapplicable cases – *Yetiv v. Hall*, which involves police questioning and is inapplicable and *Castellano v. Fragoso*, which involved a malicious prosecution for felony arson and has nothing to do with a 'trial in municipal court' as stated in Defendants' motion. Interestingly, Judge Higginbotham stated in *Castellano*: "We hold that a state's manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause, a deprivation of a right not reached by the Parratt [v. Taylor] doctrine." *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir., 2003). This is just the type of misconduct of which Plaintiff complains in his complaint.

### E. Defendants Claim that Plaintiff Does Not State a Fifth and Fourteenth Amendment Claim

Defendants claim that Plaintiff does not state a Fifth Amendment or a Fourteenth Amendment substantive due process claim because they incorrectly read Plaintiff's Complaint to only complain about his prosecution without probable cause. While it is true, based upon the Supreme Court's holding in *Albright v. Oliver*, that a substantive due process claim for malicious prosecution will not lie, Plaintiff's complaint reaches much further. As stated in *Castellano*:

> It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation. The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection — the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.

Plaintiff's complaint not only attacks the initial charge, but also the entire prosecutorial process. The police department and the city prosecutors were all made aware of the exculpatory recording of Defendant Lira prior to the trial and not one of the Defendants made any effort to have the charges dismissed. The trial counsel for the City offered what can only be characterized as perjured testimony from Defendant Lira at Plaintiff's trial. The Supreme Court has clearly established that the knowing use of perjured testimony is a violation of due process. See: *Pyle v. Kansas*, 317 U.S. 213; *Mooney v. Holohan,* 294 U.S. 103.

      F.      **Plaintiff States a Claim Against Defendant, City of Tyler.**

Defendant, City of Tyler, goes to great lengths to state the law with regard to municipal liability for a failure to train cause of action. However, the City is, in essence, attempting to turn the Motion to Dismiss on the pleadings into a Motion for Summary Judgment**.** As stated above, in subsection A, the complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true and the Court's inquiry is limited to whether or not Plaintiff is entitled to offer evidence to support his claims and does not address whether Plaintiff will ultimately prevail on the merits. Based upon Plaintiff's allegations of the City's failure to train its police officers and prosecutors on the basic tenets of criminal prosecution, the City's motion to dismiss must be denied.

      G.      **Prosecutor Defendants Immunity.**

Generally speaking, prosecutors enjoy absolute immunity for those activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). However, absolute, prosecutorial immunity extends only to those activities "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (emphasis added).

Therefore, the City of Tyler prosecutors do not enjoy absolute immunity for his investigatory activities, but only qualified immunity, if any. See: *Kerr v. Lyford*, 171 F.3d 330 (5th Cir.1999). Therefore, to the extent that Plaintiff's complaint implicates the prosecutors failure to investigate the case against Plaintiff and also involves wrongful suppression of exculpatory evidence in the discovery process, Plaintiff's civil rights claims must survive a 12(b)(6) motion.

### G.    Defendants' Blanket Qualified Immunity Argument.

Defendants (without defining which) claim that Plaintiff has not alleged any facts that implicate a clearly established federal constitutional right. A cursory review of Plaintiff's complaint would reveal a plainly stated cause of action for violation of Plaintiff's First and Fourth Amendment rights. Defendants' qualified immunity argument at this stage of the case is meritless.

### H.    Plaintiff Must be Permitted to Cure Any Alleged Defect in His Pleading.

If the Court is inclined to grant Defendants' Motion to Dismiss, which it should not, Plaintiff should be given the opportunity to amend his Complaint to remedy any deficiencies the Court notes. This is the preferred practice in the Fifth Circuit. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (*citing O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)).

### III.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants' Motion to Dismiss be denied.

Respectfully submitted,

_____/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Attorney-in-charge
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

Cody L. Skipper
State Bar No. 24041928
Law Office of Cody L. Skipper
3131 McKinney Avenue, Suite 800
Dallas, Texas 75204
(214) 740-9955
(214) 740-9912 Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 3rd day of June, 2015.

____/s/_____
William S. Hommel, Jr